1  VICTOR HSUE (SBN 247412)
   vhsue@google.com
2  1600 Amphitheatre Parkway
   Mountain View, CA 94043
3  Telephone: (650) 253-6503
   Facsimile:  (650) 887-2344
4

5
   Attorney for Defendant
6  YouTube LLC.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12 Joe Nomura Tetsuya.                    Case No. 3:11-cv-01208-JCS

13         Plaintiff,                     Honorable Judge Joseph C. Spero

14      v.                                DEFENDANT YOUTUBE LLC'S NOTICE
                                          AND MOTION TO DISMISS
15 YouTube LLC.                           PLAINTIFF'S COMPLAINT FOR
                                          FAILURE TO STATE A CLAIM UPON
16         Defendant.                     WHICH RELIEF CAN BE GRANTED
                                          PURSUANT TO FED. R. CIV. P. 12(b)(6)
17                                        OR, IN THE ALTERNATIVE, TO
                                          STRIKE PURSUANT TO FED. R. CIV. P.
18                                        12(f)

19                                        Date:  September 2, 2011
                                          Time:  9:30AM
20                                        Courtroom: G, 15th Floor
                                          Judge:  Magistrate Judge Joseph C. Spero
21

22

23

24

25

26

27

28

   NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON
            WHICH RELIEF CAN BE GRANTED CASE NO. 3:11-CV-01208-JCS

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 2, 2011 at 9:30 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Judge Spero, Courtroom G, 15th floor, located at San Francisco, California, Defendant YouTube LLC ("YouTube"), will and hereby does move this Court for an Order dismissing this case, or in the alternative, dismissing the claim for infringement and striking Plaintiff's claim for relief pursuant to 35 U.S.C. § 154(d).

## MOTION

Defendant YouTube hereby moves this Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Complaint for patent infringement Plaintiff Joe Nomura Tetsuya filed on March 11, 2011, for failure to state a claim upon which relief can be granted.

In the alternative, YouTube will and hereby does move this Court for an Order dismissing the claim for patent infringement and striking Plaintiff's claim for pre-issuance damages under 35 U.S.C. § 154(d), on the grounds that Plaintiff has not pled pre-issuance notice of infringement required under Section 154(d).

The full and legal basis for this Motion is set forth in the accompanying Memorandum of Points and Authorities. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Victor Y. Hsue, the pleadings and other papers filed in this action, and such other matters as may be presented to the Court at the hearing on this Motion.

Dated: July 29, 2011　　　　　　　　　　　　By: /s/ Victor Y. Hsue
　　　　　　　　　　　　　　　　　　　　　　　　Victor Y. Hsue
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　YouTube LLC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant YouTube LLC ("YouTube") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss, or in the alternative, to dismiss the claim of infringement and strike the Complaint Plaintiff Joe Nomura Tetsuya ("Plaintiff") filed on March 11, 2011.

## I.     INTRODUCTION

On March 11, 2011, Plaintiff filed a complaint against YouTube alleging infringement of U.S. Patent No. 7,254,622 ("The '622 patent").[1] Plaintiff bases his complaint under "the laws of the United States Patent and Trademark Chapters 35 U.S.C. § 103 (a), 35 § 102 (a)(b), 35 U.S.C. § 284 and 35 U.S.C. § 154 (d)." (Compl. ¶ 1.)  YouTube contends that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it does not meet the minimum pleading standard set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Plaintiff's Complaint proffers legal conclusions without *any* information about which claim(s) of the '622 patent are at issue, whether direct or indirect infringement is alleged, or any specific YouTube product(s) or service(s) that are alleged to infringe.  Further, Plaintiff's claim to pre-issuance damages pursuant to 35 U.S.C. § 154(d) is likewise unsupported by any factual allegation that YouTube was provided with actual notice of the published application and allegation of infringement of the then-pending claims.

As discussed below, the Supreme Court clarified that in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at

---

[1] Plaintiff also asserts the same patent against Yahoo in *Tetsuya v. Yahoo! Inc.*, No. 11-01209 (N.D. Cal. filed March 11, 2011) and Amazon in *Tetsuya v. Amazon Inc.*, No. 11-01210 (N.D. Cal. filed March 11, 2011).

570). In light of this standard and the lack of sufficient factual allegations, Plaintiff's complaint should be dismissed.

Alternatively, pursuant to Federal Rule of Civil Procedure 12(f), this court should dismiss Plaintiff's claim for patent infringement and strike Plaintiff's claim for pre-issuance damages under 35 U.S.C. § 154(d) for failure to plead the requisite pre-issuance notice of alleged infringement to YouTube.

## II.   PLAINTIFF'S ALLEGATIONS IN HIS COMPLAINT

Plaintiff brought this action on March 11, 2011. The Complaint appears to claim that YouTube purportedly infringes the '622 patent and requests damages under 35 U.S.C. §154(d) and 35 U.S.C. 284. In support, the Complaint states that the patent was violated "by using the methodology associated in the patents outlined business model (attached numbers 113, 114, 115, and 116) as it relates to the field, background, summary, description and abstracts…." (Compl. ¶ 4.)[2]  The Complaint, however, does not identify what claim(s) are purportedly infringed, whether direct or indirect infringement is alleged, or any YouTube product(s) or service(s) that are alleged to infringe the '622 patent.

The Complaint also asserts that "35 U.S.C. § 103 (a) and U.S.C. § 102 (a)(b) may have been subject to violation by the defendant as well …." (Compl. ¶ 4.)  35 USC §§ 102, 103, however, apply to the issue of patentability and validity of a patent — not infringement — and cannot be the basis of a cause of action against YouTube.  In addition, the Complaint asks for past reasonable royalty damages before the patent's issuance, but does not allege any facts that YouTube was given any notice of alleged infringement before the issuance of the '622 patent.

---

[2]  Plaintiff attached a figure as evidence of a "business model".  This figure, however, is not from the '622 patent.  *See* Declaration of Victor Hsue in support of Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief can be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Strike Pursuant to Fed. R. Civ. P. 12(f).

3

NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED CASE NO. 3:11-CV-01208-JCS

The Complaint also asks the Court for "judgment cost" pursuant to 35 U.S.C. 284 from June 20, 2002 to present and "future damages" as "agreed upon by all parties involved." (Compl. 5.) Such relief is unwarranted given the lack of sufficient detail in the Complaint, and thus falls short of the standard articulated by the Supreme Court in *Twombly* and *Iqbal*.

### III.   THE APPLICABLE LAW

Rule 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. To meet this standard, a complaint need not contain detailed factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 1949 (citing *Twombly* at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly* at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal at 1949 (citing *Twombly* at 557). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly* at 557-558.

Applying the *Iqbal/Twombly* standard, Courts have dismissed cases when the complaint merely recites legal conclusions without identifying the underlying facts. *See Hsiu Pen Yang v. Winjet Auto.*, 2010 U.S. Dist. LEXIS 141974, at *9 (C.D. Cal. Oct. 22, 2010) ("It is simply not Defendants' responsibility to 'connect the dots' in this matter."); *Interval licensing LLC v. Aol.*, 2010 U.S. Dist. LEXIS 131081, at *9 (W.D. Wash. Dec. 10, 2010) ("This fails to indicate to Defendants which of their myriads products or devices may be at issue."); *see generally Desenberg v. Google*, 2009 U.S. Dist. LEXIS 66122 (S.D.N.Y. July 30, 2009), *aff'd* 2010 U.S.

4

NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED CASE NO. 3:11-CV-01208-JCS

Dist. LEXIS 1851 (S.D.N.Y. Jan. 14, 2010), *aff'd* 392 Fed. Appx. 868 (Fed. Cir. 2010) (dismissing *pro se* Plaintiff's claim of direct infringement for failure to support his theory with sufficient facts).

### IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH THIS COURT CAN GRANT RELIEF

**a.  Plaintiff's Allegation(s) of Infringement Fails to State a Claim for Relief as Required by the Twombly-Iqbal Pleading Standard**

Courts apply a deferential standard to *pro se* Plaintiffs. *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)). Plaintiff's status, however, does not discharge his burden of bringing a Complaint supported by sufficient factual allegations, and at minimum, identifying his theory of infringement, the claims at issue, and the product or service at issue. "Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002); *see Williams v. Life's Rad*, 2010 U.S. Dist. LEXIS 46763, at *7 (N.D. Cal. May 12, 2010). Here, in three separate actions, Plaintiff filed *identical* Complaints against YouTube, Amazon[3] and Yahoo!,[4] Indeed, the Complaints differ in only one respect — the handwritten names of each Defendant. The one-page Complaint is starkly populated and contains no facts to support the claim that YouTube, or any other Defendant, has made, used, offered for sale, or sold in the United States any product or service that infringes an invention claimed in the '622 patent. Without more information about the product(s) or service(s) at issue, the asserted claim(s), or even whether direct or indirect infringement is alleged, YouTube will be unable to provide a proper response to the Complaint, identify persons knowledgeable on the subject matter at issue in the case, identify relevant third

---

[3] *See* Exhibit B (Complaint, *Tetsuya v. Yahoo!, Inc.* No. 11-01209 (N.D. Cal. filed March 11, 2011)).

5

NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED CASE NO. 3:11-CV-01208-JCS

parties, or retain the necessary documents relevant to the case.  YouTube must be given the opportunity to adequately defend itself against Plaintiff's allegations of infringement.

   b. **Plaintiff's Allegation(s) of Infringement Fails to Plead Actual Notice as Required by 35 U.S.C. § 154(d)**

  The bareness of the Complaint is underscored by the lack of facts supporting Plaintiff's claim of past reasonable royalties pursuant to 35 U.S.C. § 154(d).  The Complaint recites "35 U.S.C. § 154(d), which allows a patent owner to obtain reasonable royalty damages for certain infringing activities that occurred before patent's date of issuance." (Compl. ¶ 4.)  35 U.S.C. § 154(d), however, requires "actual notice of the published patent application."  35 U.S.C. § 154(d)(1).  Actual notice, as defined by the Federal Circuit in the context of section 287(a), requires the patentee to affirmatively communicate "a specific charge of infringement by a specific accused product or device[.]" *Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001) (citing *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)).  In other words, the applicant must have provided actual notice of the published patent application to the accused infringer.

  Plaintiff's Complaint, however, makes no factual allegations about giving actual notice and therefore does not meet the *Twombly-Iqbal* standard.  To meet this standard, the Complaint would have to, at minimum, set forth factual allegations sufficient to establish a plausible claim that Plaintiff provided YouTube with actual notice of the published application and that the notice included information about "the identity of the specific infringing products and some articulated reason to suspect that the products were made in violation of the patent-in-suit." *Prestige Pet Products, Inc. v. Pingyang Huaxing Leather & Plastic Co.*, 2011 U.S. Dist. LEXIS 21411, at *14 (E.D. Mich. Mar. 3, 2011) (citing *Bender v. LG Elec. USA, Inc.*, 2010 U.S. Dist.

---

[4] *See* Exhibit C (Complaint, *Tetsuya v. Amazon.com, Inc.* No. 11-01210 (N.D. Cal. filed March 11, 2011)).

6

NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED CASE NO. 3:11-CV-01208-JCS

LEXIS 33075, at * 4 (N.D. Cal. Mar. 11.2010)).

Instead, the Complaint nakedly asserts "35 U.S.C. § 154, which allows a patent owner to obtain reasonable royalty damages for certain infringing activities that occurred before patent's date of issuance." (Compl. ¶ 4.)  Plaintiff's Complaint does not make a sufficiently factual allegation to satisfy the standard set forth by the Supreme Court — indeed, the Complaint makes *no* allegation that Plaintiff provided Defendant YouTube with actual notice identifying the specific infringing product and some explanation of why the products were suspected to be in violation of the patent.  Without a plausible assertion that YouTube was provided with actual notice of the published application or of infringement of a published claim, the Court should dismiss Plaintiff's claim for damages under Section 154(d).

V. **ALTERNATIVELY, YOUTUBE MOVES TO STRIKE PLAINTIFF'S REQUEST FOR REASONABLE ROYALTIES BASED ON 35 U.S.C. § 154(d), FROM THE COMPLAINT**

In the event that this Court finds a dismissal pursuant to Rule 12(b)(6) to not be the appropriate remedy to Plaintiff's deficient pleading, the Court may, under Rule 12(f), strike from a pleading any immaterial or impertinent matter.  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that [arises] from litigating spurious issues by dispensing with those issues prior to trial. " *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  If the motion can "[streamline] the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F.Supp. 36, 38 (N.D. Cal 1981).

A defendant in a patent infringement action may move to strike damages in the complaint to which a plaintiff is not entitled.  *See Mission I-Tech Hockey Ltd. v. Oakley, Inc.*, 394 F.Supp. 2d 1270, 1276 (S.D. Cal. 2005) (striking plaintiff's prayer for damages for infringement due to lack of entitlement to damages as a licensee).  Moreover, a defendant in a patent infringement

7

NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED CASE NO. 3:11-CV-01208-JCS

case is also entitled to have a type of damages stricken for failure to adequately plead the required notice. *See F5 Networks, Inc. v. A10 Networks, Inc.*, 2008 U.S. Dist. LEXIS 31319, (W.D. Wash. Mar. 10, 2008) (striking prayer for treble damages based on failure to properly plead notice in connection with willful infringement claim).

As explained above, the provision of pre-issuance notice of infringement to a defendant is a necessary requisite to maintain a claim for pre-issuance damages under 35 U.S.C. § 154(d). As the Plaintiff has failed to adequately plead actual notice to YouTube, pursuant to Rule 12(f), the Court should strike Plaintiff's request for reasonable royalties "per year from June 20th 2002" resulting from alleged provisional rights under 35 U.S.C. § 154(d). Fed. R. Civ. P. 12(f); (Compl. ¶ 5.)

## VI. CONCLUSION

Because the Complaint against YouTube fails to meet the minimum pleading requirements under *Twombly* and *Iqbal*, this Court should grant YouTube's motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and dismiss the Complaint and prayer for relief it its entirety. Alternatively, the Court should dismiss the claim of infringement and strike, pursuant to Rule 12(f), Plaintiff's prayer for pre-issuance damages under 35 U.S.C. § 154(d) for failure to plead that YouTube received actual notice of infringement prior to the issuance of the '622 Patent.

Dated: July 29, 2011                                          By: /s/ Victor Y. Hsue
                                                              Victor Y. Hsue
                                                              Attorney for Defendant
                                                              YouTube LLC.