| | |
|---|---|
| 1 | VICTOR HSUE (SBN 247412) |
| 2 | vhsue@google.com<br>1600 Amphitheatre Parkway |
| 3 | Mountain View, CA 94043<br>Telephone: (650) 253-0000 |
| 4 | Facsimile:  (650) 618-1806 |
| 5 | |
| 6 | Attorney for Defendant<br>YouTube LLC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Joe Nomura Tetsuya.<br><br>       Plaintiff,<br><br>  v.<br><br>YouTube LLC.<br><br>       Defendant. | Case No. 3:11-cv-01208-SI<br><br>Honorable Judge Susan Illston<br><br>DEFENDANT YOUTUBE LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)<br><br>Date:  November 4, 2011<br>Time:  9:00AM<br>Courtroom: 10, 19th Floor<br>Judge: Susan Illston |

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED CASE NO. 3:11-CV-01208-SI

Defendant YouTube LLC ("YouTube") respectfully submits this Reply in support of its Motion to Dismiss, or in the alternative, to dismiss the claim of infringement and strike the Complaint ("Motion to Dismiss") Plaintiff Joe Nomura Tetsuya ("Plaintiff") filed on March 11, 2011.

## I.   INTRODUCTION

On March 11, 2011, Plaintiff filed a complaint against YouTube alleging infringement of U.S. Patent No. 7,254,622 ("The '622 patent").  In response, on July 29, 2011, Defendant YouTube filed its Motion to Dismiss identifying the deficiencies in Plaintiff's Complaint and asking the Court to dismiss the Complaint for failing to meet the minimum pleading standard articulated by the Supreme Court.  (Dkt. 23.)  Nearly 11 weeks later, Plaintiff filed an Opposition[1], which appears to improperly introduce new facts and new allegations[2] even though it is not an amended pleading.  (Dkt. 37.)  Because Plaintiff's Complaint does not meet the base pleading requirements and because his Opposition does not cure the identified defects, YouTube respectfully requests the Court to grant its Motion and dismiss Plaintiff's Complaint.

## II.   ARGUMENT

### a.   Only The Pleadings Should be Considered in Determining the Motion to Dismiss.

In considering a motion to dismiss, the Court may only consider materials that are submitted as part of the complaint.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 fn. 19 (9th Cir. 1990); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The court cannot consider evidence outside the pleadings without converting the motion to dismiss to a motion for summary judgment.  *See Hal Roach Studios, 896 F.2d at 1550*; *see also* Fed. R.

---

[1] Plaintiff submitted an amended Opposition (Dkt. 38.) on October 20, 2011, one day before YouTube's deadline to file a Reply.  YouTube therefore reserves the right to respond to Plaintiff's amended Opposition.

[2] The Opposition inserts claims for willful infringement, contributory and induced infringement, and for attorney's fees.  The claims, however, are not supported by any facts.  Because these claims are improperly asserted only in the Opposition and not in any pleading, YouTube reserves the right to address these claims.

Civ. P. 12(d).  And the Complaint, as filed, falls short of the minimum pleading standard and should therefore be dismissed.

On March 11, 2011, Plaintiff filed identical complaints against YouTube, Amazon.com, and Yahoo! in three separate actions.  The complaint, however, offers legal conclusions without any information about which products or services are alleged to infringe or the claims at issue.  Further, the Complaint asks for pre-issuance damages, but without any facts to support a claim that Plaintiff provided actual notice of the published application to any defendant prior to filing suit.  Thus, based on the pleading as filed, YouTube respectfully asks the court to dismiss the Complaint.

### b. Even if Plaintiff's Opposition is Considered, it Still Fails to Meet The Base Pleading Requirement.

Plaintiff's Complaint does not meet the pleading standard.  Likewise, the new theories introduced in Plaintiff's Opposition also fall short. Despite two attempts to articulate facts in support of his alleged claim, Plaintiff's allegations still do not meet the requisite level of specificity required by the Supreme Court.

In its motion, YouTube set forth the defects in the Complaint including Plaintiff's failure to identify: any products alleged to infringe; which claims are asserted; and any facts to support a claim that notice was given by Plaintiff to YouTube for pre-issuance damages.  With 11 weeks to investigate further, and with "new assistance," Plaintiff filed an opposition that introduces new allegations and new facts—none of which cure the identified defects.  Plaintiff's Opposition attempts to identify the accused products/services but vaguely refers to "YouTube's media assets or objects … and all other relevant video-related media assets" as "infringing patent '622." (Dkt. 37 at 3.)  As support, the Opposition points to a self-drawn "diagram" of his patent and two exhibits of the "video-related media assets" as evidence of YouTube's alleged infringement.  The allegations of a vague "media asset" as supported by a diagram and the exhibits, however, do not

identify a specific YouTube product or service that is alleged to infringe.  Because patent infringement must be based on the infringement of a claim in a patent by a specific product or service, Plaintiff's vague allegations of infringement in his Complaint and Opposition fail to meet the minimum pleading requirement.

Although unclear, it appears that in support of his allegation of pre-suit notice for pre-issuance damages, Plaintiff argues that neither YouTube nor Google has "questioned or contested the validity of patent '622" and that during its acquisition of YouTube, "a brilliant savvy multinational company such as Google … must have inevitably discovered the existence and knowledge of Plaintiff Nomura's VoD '622 patent…."  (Dkt. 37 at 6-7.)  Plaintiff also argues that that his purported visit to Google "served as 'notice' of said infringement(s)".  (Dkt. 37 at 8.)  These allegations, however, are nothing more than vague accusations with no factual basis to support a claim of notice for pre-issuance damages.  They therefore cannot meet the base pleading requirement.

### III.     CONCLUSION

Despite two attempts to remedy the identified defects, Plaintiff still has not specified sufficient facts to support his allegations.  YouTube therefore respectfully asks the Court to dismiss the Complaint.  In the event that the Court should grant leave to amend, YouTube respectfully requests that the Court strike Plaintiff's claim for pre-issuance damages.

Dated: October 21, 2011                                   By: /s/ Victor Y. Hsue
                                                               Victor Y. Hsue
                                                               Attorney for Defendant
                                                               YouTube LLC.