Tetsuya Joe Nomura
3288 Pierce Street, Suite C129
Richmond, CA 94804-5952
Tel: (510) 200-4381
VoD.JN@gmx.us

Plaintiff, *Pro Se*

**FILED**

OCT 31 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Tetsuya Joe Nomura,<br><br>Plaintiff,<br><br>vs.<br><br>YouTube LLC.,<br><br>Defendant. | Case No.: **3:11-CV-01208-SI**<br><br>**PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO YOUTUBE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE**<br><br>**Hearing**<br>Date: **Tuesday, November 04, 2011**<br>Time: **9:00 am**<br>Judge: **Hon. Susan Illston**<br>Courtroom: **10, 19th Floor** |

/
/
/
/
/
/

-Cover Page-

PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO MOTION TO DISMISS OR STRIKE
Case No. 3:11-CV-01208 SI

## STATEMENT OF ISSUES

On March 11, 2011, Plaintiff Tetsuya Joe Nomura (herein "*Nomura*") filed a patent infringement Complaint (herein "*Complaint*") [Dkt. 01] against Defendant YouTube LLC (herein "*YouTube*"). *YouTube* filed a motion to dismiss (herein "*MTD*") said *Complaint* pursuant to Fed. Rule of Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively, to dismiss the claim for patent infringement and strike Plaintiff's option for pre-issuance infringement damages pursuant to Fed. Rule of Civ. Proc. 12(f) [Dkt. 23]. Plaintiff *Nomura* strongly opposes Defendant's *MTD* –and subsequent Reply– based on the grounds that said pleadings misrepresent, misconstrue, mischaracterize the facts while Defendant *YouTube*'s argument(s) are inaccurate, misleading and misguided.

Plaintiff *Nomura* firmly believes that, based on the material facts and evidence provided herein to-date, the Court will establish there are adequate findings sufficient to DENY *YouTube*'s *MTD*, and DENY their requests to strike "pre-issuance" damages -or- alternatively, to support a decision by this Court for a Motion for Time Expansion or Motion to Dismiss with Leave to Amend. The legal foundation for the aforementioned is based on the supporting Memorandum in Support of Plaintiff's Opposition, all pleadings and supporting documents on file in this action, oral arguments of counsel, and any other matter(s) that may be submitted before and during the hearing.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION

### I. INTRODUCTION

Filing the *Complaint* on March 11, 2011 [Dkt. 01]- Plaintiff *Nomura* brought this action against the Defendant to stop *YouTube*'s unauthorized use and infringement –of the Computer Implemented Invention ("*CII*") described, claimed, and disclosed therein U.S. Patent No. 7,254,622 ("*'622*")– without any license or lawful right. *YouTube*'s willful infringement –as it has been discovered– includes but is not limited to, *YouTube*'s business(es), process(es), method(s), and technology(ies) –or significant portions thereof– used directly or indirectly by *YouTube*, its affiliates, third-parties, clients and viewers (herein "*co-infringers*"), throughout the State of California, the United States, and most other countries in the world.

1  *YouTube* and its *co-infringers*, are indeed willfully infringing said '622 patent and new
2  facts, evidence, and arguments have been submitted to further support Plaintiff *Nomura*'s
3  Amended [Dkt. 37] and Second Amended Opposition to Dismiss or Strike [Dkt. 42] as well as in
4  support of Plaintiff's *Complaint* [Dkt 01]. New material facts and evidence are also included in
5  this pleading as they just became known.. As Plaintiff *Nomura* understands the law, such
6  actions are hardly "improper", as *YouTube* claims, and are actually necessary in order to legally
7  justify and satisfy for this Court why *YouTube*'s motion to dismiss and/or strike must be
8  DENIED and Plaintiff's Opposition must be GRANTED- post-haste.

9  **II.    LEGAL ARGUMENT**

10        **a.    Only The Pleadings Should be Considered in Determining the Motion to
11              Dismiss.**

12  Plaintiff *Nomura* believes the *Complaint* is sufficient to describe, in a very simple
13  straightforward manner, the material facts of this case- specifically in that: 1) Plaintiff *Nomura*
14  holds a duly authorized patent for uploading, converting, downloading and streaming (not
15  necessarily in that order) any and all video-related media assets –there on to and/or there from
16  remote accessible contents server(s), to/from any device– via the Internet, and, 2) *YouTube*'s
17  entire business model is based upon the ability for *YouTube*, its affiliates, third-parties, clients
18  and/or viewers to upload, convert, download and stream said video media assets (again, not
19  necessarily in that order) via the Internet – ergo: "Video On Demand" (herein "*VoD*").

20  The *VoD* technology(ies), process(es), and business model(s) –claimed and described in
21  patent '622– are intricately inextricably paramount to *YouTube*'s –and therefore, Google's–
22  financial and related success as demonstrated in the recently discovered Oct. 28, 2011 article
23  entitled "Google's YouTube Announces Hollywood 'Channel' Programming Deals - Peter Kafka
24  - Media - AllThingsD" (http://allthingsd.com/20111028/youtube-and-hollywood-finally-link-up-
25  and-come-clean/), and is herein included as **Exhibit 01**.

26  *YouTube* claims Plaintiff *Nomura* has not properly identified the appropriate Products
27  and/or Services affected by this infringement. Yet, respectfully, Plaintiff *Nomura* strongly
28  believes the *Complaint* has already done so. *YouTube* –in its entirety– which may soon become

Page -2 of 70-

PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO MOTION TO DISMISS OR STRIKE
Case No. 3:11-CV-01208 SI

1   *NoTube–* **is**, as a material fact, properly named as the Product(s)/Service(s) implicated by said
2   *'622* patent infringement(s).

3       Moreover, in a similar patent infringement case *Bird Barrier America, Inc. v. Bird-B-*
4   *Gone, Inc.*, SACV 09-0418 AG, 2010 WL 761241 (C.D. Cal. Mar. 1, 2010) the Court states the
5   "Legal Standard" is (bold indented emphasis added):

> **A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).**
>
> **But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).**

28       As Plaintiff *Nomura* understands the law, the *Complaint* –as filed on March 11, 2011–

Page -3 of 70-

PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO MOTION TO DISMISS OR STRIKE
Case No. 3:11-CV-01208 SI

meets these legal standards, despite Defendant *YouTube*'s claim(s) to the contrary. Therefore, Defendant *YouTube*'s motion to dismiss should be DENIED- post-haste.

      **b.    Even if Plaintiff's Opposition is Considered, it Still Fails to Meet The Base Pleading Requirement.**

*YouTube* claims sufficient defects in both Plaintiff's *Complaint* and Opposition that *Youtube* asks the Court to strike "pre-issuance damages". However, this too is horribly misguided as, again, in *Bird Barrier America, Inc. v. Bird-B-Gone, Inc.*, SACV 09-0418 AG, 2010 WL 761241 (C.D. Cal. Mar. 1, 2010) the Court also states (bold indented emphasis added):

> **Defendant argues that Plaintiff's claim for pre-issuance damages should be dismissed. But Defendant fails to persuade the Court that this claim should be dismissed at the pleading stage.**
>
> **35 U.S.C. § 154(d) provides that**
>
>> **a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent ... and ending on the date the patent is issued –**
>>
>>> **(A) (i) makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application or imports such an invention into the United States; or**
>>>
>>> **(ii) if the invention as claimed in the published patent application is a process, uses, offers for sale, or sells in the United States or imports into the United States products made by that process as claimed in the published patent application; and**
>>>
>>> **(B) had actual notice of the published patent application and, in a case in which the right arising**

under this paragraph is based upon an international application designating the United States that is published in a language other than English, had a translation of the international application into the English language.

Section 154(d)(2) states that "a reasonable royalty shall not be available under this subsection unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application." [...]

Although claim construction is a matter of law for the Court to decide, *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996), claim construction is inappropriate at this stage in the litigation. "[T]he proper time for this Court to address claim construction is not in a motion to dismiss." *Schreiber v. Eli Lilly & Co.*, No. Civ. A. 05CV2616, 2006 WL 782441, at *4 n. 10 (E.D. Pa. Mar. 27, 2006) (citing *Markman*, 517 U.S. 370); see also *Yangaroo Inc. v. Destiny Media Technologies Inc.*, No. 09-C-462, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009); *Technology Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 920 (D. Md. 2008); *Cima Labs, Inc. v. Actavis Group HF*, Civ. Nos. 07-893, 06-1970, 06-1999, 2007 WL 1672229, at *3 (D.N.J. June 7, 2007). When a Court performs claim construction, it may use both intrinsic evidence such as the patent claims, specification, and prosecution history and, if it is helpful to understand the patent or resolve an ambiguity, extrinsic evidence such as expert and inventor testimony, dictionaries, and learned treatises. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005). "Although the parties have not presented extrinsic evidence in

Page -5 of 70-

PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO MOTION TO DISMISS OR STRIKE
Case No. 3:11-CV-01208 SI

> their briefs, the Court sees no need for the parties to hamstring their arguments solely to resolve the claim construction issues at such an early phase of the litigation." *Technology Patents*, 573 F. Supp. 2d at 920.
>
> Additionally, Defendant relies on prosecution history outside of the pleadings. [...] In a 12(b)(6) motion, the inquiry is limited to the complaint, documents attached or incorporated by reference, and matters of which the Court has taken judicial notice. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Since the prosecution history referred to by Defendant does not fit any of these categories, it is not an appropriate basis for a motion to dismiss. Although Defendant requests in its Reply that the Court convert this Motion to a summary judgment motion, (Reply 2:14-19), the Court does not consider a reply brief to be adequate notice to Plaintiff that it must defend against a motion for summary judgment. See *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982). Plaintiff has had no opportunity to submit evidence outside of the Complaint to supplement its claim constructions. Thus, the Court declines to convert this Motion to a motion for summary judgment.
>
> In conclusion, Plaintiff's Complaint sufficiently states a claim for pre-issuance damages. The parties will have the opportunity to present evidence, both intrinsic and extrinsic, of their preferred claim constructions at summary judgment. The Motion to Dismiss Plaintiff's pre-issuance damages claim is DENIED.

All of which, as Plaintiff *Nomura* understands the law, is directly and firmly on point regarding the statements and arguments Defendant *YouTube* has submitted for review in their *MTD* [Dkt. 23] and their more recent Reply [Dkt. 39]. Therefore, Defendant *YouTube*'s request to Strike "pre-issuance damages" should be DENIED- post-haste.

### III. CONCLUSION

Defendant *YouTube* enjoys stating and emphatically reiterating the fact that "11 weeks" have passed between Defendant's *MTD* [Dkt. 23] and Plaintiff's Opposition [Dkt. 39]. Yet, they also fail to mention that on Aug. 04, 2011, *YouTube* created that delay by filing their Declination to Proceed Before U.S. Magistrate Judge [Dkt. 29] just days <u>AFTER</u> filing their *MTD*.

YouTube has also raised a perceived issue of Plaintiff filing multiple complaints that are nearly identical. This too is neither odd nor improper when multiple companies are infringing your patent in <u>nearly</u> identical ways- even though their business structures may differ somewhat-to-significantly, thereby facilitating a need for separate individual yet similar complaint filings.

Plaintiff *Nomura* is doing as best as possible to manage all three cases while working in "Good Faith" with all parties concerned, as well as growing into the role of being "*Pro Se*". Despite Defendant Yahoo's relentless efforts to get Case No. 5-11-cv-01209-HRL dismissed "with prejudice", Plaintiff *Nomura* instead achieved dismissal with leave to represent. In Case No. 5-11-cv-01210-HRL, Plaintiff *Nomura* has already been granted "leave to amend" and has submitted an Amended Complaint [Dkt. 34] to the Court –a copy of which is included herein as **Exhibit 02**– as evidence that Plaintiff *Nomura* is working diligently to improve pleading quality in an effort to use the Court's and everyone's time as effectively and efficiently as possible.

Plaintiff *Nomura* strongly believes Defendant's request to dismiss with prejudice would be a gross miscarriage of justice- especially given the material facts and supporting evidence submitted to-date which proves this case has merit. In the interest of *fair and equitable expedient justice*- if the Court determines Plaintiff's *Complaint* is insufficient or deficient, Plaintiff *Nomura* would, respectfully, prefer the Court allow an order for Time Expansion to prepare an Amended Complaint. An order of Dismissal with Leave to Amend would be a suitable secondary alternative, for the same reason.

As for *YouTube*'s request to Strike "pre-issuance damages", Plaintiff *Nomura* believes the facts and legal citations provided hereinbefore are sufficient to strongly prove Defendant's request to Strike should also be DENIED- post-haste.

However, for the record, let it be known that Plaintiff *Nomura* would still prefer

Page -7 of 70-

PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO MOTION TO DISMISS OR STRIKE
Case No. 3:11-CV-01208 SI

1 negotiation over litigation. To that end, Plaintiff is willing to support a motion to Strike "pre-
2 issuance damages" if, and only if, (subject to) Defendant *YouTube*'s willingness to stipulate in
3 "Good Faith" sufficient evidence, such as (including but not limited to) statements that neither
4 *YouTube* nor Google –and their respective principle executives at both companies– had no
5 knowledge or awareness, of any kind, of the existence or publication of Plaintiff *Nomura*'s '622
6 *VoD* patent "prior to patent '622 issuance" or, at what time they did have such knowledge.

7     Plaintiff *Nomura* would have accepted a declaration from Defendant *YouTube*'s Counsel,
8 Victor Hsue, stating said executives were never aware of patent '622. However, given Plaintiff's
9 recent disturbing distressing experience with said Counsel demonstrating willful "litigation
10 misconduct" and deliberate "bad faith" by intentionally "misrepresenting the truth" –a pleasant
11 euphemism for "lie"– to this Court, it is unclear if Defendant *YouTube* and/or Defendant's
12 Counsel is/are at all trustworthy. Therefore, in exchange for Plaintiff's support to Strike "pre-
13 issuance damages", Plaintiff *Nomura* will reasonably require sworn affidavits from the *YouTube*
14 and Google principle executives at this juncture.

15     Plaintiff *Nomura* brought this matter of "litigation misconduct" and "bad faith" to the
16 Court's attention [Dkt. 34 and Dkt. 35, respectively] –Dkt. 35 is herein included as **Exhibit 03** –
17 and Plaintiff *Nomura* reserves the right to file an official formal Motion for Sanctions in the
18 future- especially if such "misconduct" or "bad faith" continues. The actual emails exchanged
19 between Plaintiff *Nomura* and *YouTube* Counsel, Victor Hsue –included herein as **Exhibit 04**–
20 show that while discussing plans for an upcoming meeting at Google's campus, Defendant's
21 Counsel is also informing the Court that he [Hsue] has "not heard from him [Plaintiff]" which is
22 factually false and unmistakeably misleading.

23     Therefore, based on the body of evidence before this Court, as well as the other related
24 and relevant information included here to-date and hereinbefore, Plaintiff *Nomura* respectfully
25 submits that this Court certainly has the right –if not a legal obligation– to find in favor of
26 Plaintiff *Nomura* and to immediately:

27     1) **DENY Defendant's Motion to Dismiss Plaintiff's patent**
28         **infringement Complaint; and,**

PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO MOTION TO DISMISS OR STRIKE
**Case No. 3:11-CV-01208 SI**

**2) DENY Defendant's Request to Strike infringement Damages.**

However, if this Court believes or finds the Plaintiff's *Complaint* is insufficient or deficient, then Plaintiff *Nomura* respectfully requests this Court grant me the opportunity to submit an Amended *Complaint* as the material facts and evidence certainly suggest such merit.

Plaintiff *Nomura* has every best belief and firmest faith that this Court can and will deliver the appropriate level of honest, fair and righteous justice –in an expediently lawful manner– to FULLY remedy **all** factual matters that have been heretofore presented before this Court.

Respectfully submitted,

Dated this 31st day of October, 2011

By: _____

Tetsuya Joe Nomura,
Pro Se Plaintiff

Page -9 of 70-

PLAINTIFF'S SUPPLEMENTAL MOTION IN SUPPORT OF SECOND AMENDED OPPOSITION TO MOTION TO DISMISS OR STRIKE
Case No. 3:11-CV-01208 SI