Bryan J. Sinclair (SBN 205885)
bryan.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 798-6700
Facsimile: (650) 798-6701

Sara N. Kerrane (SBN 259239)
sara.kerrane@klgates.com
K&L GATES LLP
1900 Main Street, Suite 600
Irvine, CA 92614-7319
Telephone: (949) 253-0900
Facsimile: (949) 253-0902

Attorneys for Defendant
YOUTUBE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TETSUYA JOE NOMURA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YOUTUBE, LLC,<br><br>　　　　　Defendant. | Case No. CV 11-01208 SI<br><br>**DEFENDANT YOUTUBE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** |
| YOUTUBE, LLC,<br><br>　　　　　Counterclaimant,<br><br>　vs.<br><br>TETSUYA JOE NOMURA,<br><br>　　　　　Counterdefendant. | Courtroom 10, 19th Floor<br>Judge Susan Illston |

**DEFENDANT YOUTUBE, LLC'S ANSWER TO PLANTIFF'S
FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant YouTube, LLC ("YouTube") hereby files its Answer to Plaintiff's First Amended Complaint for Patent Infringement ("Amended Complaint"). YouTube answers and avers as follows with the numbered paragraphs corresponding to the like-numbered paragraphs of Plaintiff's Amended Complaint. Allegations not expressly admitted to below are denied.

**NATURE OF THE ACTION**

1. YouTube admits that this is an action for patent infringement. YouTube denies any remaining allegations in paragraph 1.

**PARTIES**

2. YouTube is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. YouTube admits that it is a corporation duly organized and existing under the laws of the state of Delaware. YouTube admits that its principal place of business is at 901 Cherry Avenue, San Bruno, CA 94066. YouTube admits that it is a wholly owned subsidiary of Google, Inc. YouTube denies any remaining allegations in paragraph 3.

**JURISDICTION AND VENUE**

4. YouTube admits that the Amended Complaint purports to invoke the patent laws of the United States, Title 35 of the United States Code. YouTube admits that 28 U.S.C. §§ 1331 and 1338(a) confer upon this Court jurisdiction as to actions arising under the patent laws of the United States. YouTube denies it has committed any act that would give rise to any cause of action asserted in the Amended Complaint.

5. YouTube admits that venue is proper in the Northern District of California under 28 U.S.C. § 1391 and § 1400(b), but denies any remaining allegations of paragraph 5.

6. YouTube admits the allegations of paragraph 6.

7. YouTube denies the allegations of paragraph 7.

**INTRADISTRICT ASSIGNMENT**

8. YouTube admits the allegations of paragraph 8.

1
DEFENDANT'S ANSWER AND COUNTERCLAIMS                    Case No. CV 11-01208 SI

**FACTUAL BACKGROUND**

9. YouTube admits that on its face, U.S. Patent No. 7,254,622 ("the '622 patent") indicates that it is entitled "Video-On-Demand System" and was issued on August 7, 2007. YouTube admits that what appears to be a copy of the '622 patent is attached to Plaintiff's Amended Complaint as Exhibit 01. YouTube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies them.

10. YouTube denies the allegations of paragraph 10.

11. YouTube denies the allegations of paragraph 11.

12. YouTube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. YouTube denies the allegations of paragraph 13.

14. YouTube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. YouTube denies the allegations of paragraph 15.

16. YouTube admits that its web pages contain a "Terms of Service" and a "YouTube Pay Content Terms of Service". YouTube denies any remaining allegations in paragraph 16.

17. YouTube admits that the excerpt referenced in paragraph 17 and exhibit 06 appears on Wikipedia.com. YouTube denies any remaining allegations in paragraph 17.

18. YouTube denies the allegations of paragraph 18.

19. YouTube denies the allegations of paragraph 19.

20. YouTube admits that the excerpt referenced in paragraph 20 appears on Wikipedia.com. YouTube denies any remaining allegations in paragraph 20.

21. YouTube denies the allegations of paragraph 21.

22. YouTube denies the allegations of paragraph 22.

23. YouTube admits that the excerpts referenced in paragraph 23 appear in 35 U.S.C. § 154 and the '622 patent, respectively. YouTube denies any remaining allegations of paragraph 23.

24. YouTube denies the allegations of paragraph 24.

25. YouTube denies the allegations of paragraph 25.

26. To the extent there are any, YouTube denies the allegations of paragraph 26.

27. YouTube denies the allegations of paragraph 27.

28. YouTube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29. YouTube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. YouTube denies the allegations of paragraph 30.

### PATENT INFRINGEMENT DAMAGES

31. YouTube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32. To the extent there are any, YouTube denies the allegations of paragraph 32.

33. To the extent there are any, YouTube denies the allegations of paragraph 33.

34. To the extent there are any, YouTube denies the allegations of paragraph 34.

35. To the extent there are any, YouTube denies the allegations of paragraph 35.

36. To the extent there are any, YouTube denies the allegations of paragraph 36.

37. To the extent there are any, YouTube denies the allegations of paragraph 37.

38. To the extent there are any, YouTube denies the allegations of paragraph 38.

39. To the extent there are any, YouTube denies the allegations of paragraph 39.

40. To the extent there are any, YouTube denies the allegations of paragraph 40.

41. To the extent there are any, YouTube denies the allegations of paragraph 41.

42. To the extent there are any, YouTube denies the allegations of paragraph 42.

43. YouTube denies the allegations of paragraph 43.

44. YouTube denies the allegations of paragraph 44.

### WILLFUL INTENT OR WILLFUL INFRINGEMENT

45. YouTube denies the allegations of paragraph 45.

46. To the extent there are any, YouTube denies the allegations of paragraph 46.

47. To the extent there are any, YouTube denies the allegations of paragraph 47.

**INFRINGEMENT OF U.S. PATENT NO. 7,254,622**

48. YouTube restates and incorporates by reference paragraphs 1 through 47 of its answer.

49. YouTube admits that on its face, U.S. Patent No. 7,254,622 ("the '622 patent") indicates that it is entitled "Video-On-Demand System" and was issued on August 7, 2007. YouTube admits that what appears to be a copy of the '622 patent is attached to Plaintiff's Amended Complaint as Exhibit 01. YouTube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore denies them.

50. YouTube admits that on its face, the '622 patent has a filing date of December 15, 2000, a publication date of June 20, 2002, and an issue date of August 7, 2007. YouTube denies any remaining allegations of paragraph 50.

51. YouTube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore denies them.

52. YouTube denies the allegations of paragraph 52.

53. YouTube denies the allegations of paragraph 53.

54. YouTube denies the allegations of paragraph 54.

**PRAYER FOR RELIEF**

YouTube denies that Plaintiff is entitled to an award of any relief against YouTube, including but not limited to the relief requested in Plaintiff's prayer for relief. YouTube denies any allegations contained in the Prayer for Relief to which a response is required and specifically denies that YouTube has directly or indirectly infringed or is liable for infringement of the '622 patent.

**AFFIRMATIVE DEFENSES**

Without altering the burdens of proof, YouTube asserts the following Affirmative Defenses to the claims in Plaintiff's Amended Complaint and reserves its right to amend its Answer and Affirmative Defenses as additional information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff fails to state a claim upon which relieve may be granted, including but not limited to a failure to comply with Federal Rules of Civil Procedure 8 and 9(b).

**SECOND AFFIRMATIVE DEFENSE**

**(No Patent Infringement)**

YouTube does not infringe, has not infringed, and is not liable for the infringement of U.S. Patent No. 7,254,622 ("the '622 patent").

**THIRD AFFIRMATIVE DEFENSE**

**(No Indirect, Contributory or Induced Infringement)**

YouTube has not directly or indirectly, contributorily or by inducement, infringed any valid claim of the '622 patent literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

**(Patent is Invalid)**

The claims of the '622 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, including but not limited to Sections 101, 102, 103, 112, and/or 252 of Title 35 of the United States Code.

**FIFTH AFFIRMATIVE DEFENSE**

**(Patent is Unenforceable)**

The claims of the '622 are unenforceable, in whole or in part, by the equitable doctrines of unclean hands, inequitable conduct, patent misuse, laches, waiver, and/or estoppel, including prosecution history estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Substantial Non-Infringing Use)**

Any and all YouTube products or actions accused of infringing have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the '622 patent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Prior Use Right)**

The claims of the '622 patent are unenforceable, in whole or in part, against YouTube because YouTube has the right of first use.

### EIGHTH AFFIRMATIVE DEFENSE

**(Dedication to the Public)**

The owner of the '622 patent has dedicated to the public all systems, methods, apparatus, and products disclosed in the '622 patent but not literally claimed therein, and is estopped from claiming infringement of any such public domain systems, methods, apparatus, or products.

### NINTH AFFIRMATIVE DEFENSE

**(Limitation on Damages)**

Plaintiff's claims for damages, if any, against YouTube for alleged infringement of the '622 patent are limited by 35 U.S.C. §§ 154 and 286-288.

### TENTH AFFIRMATIVE DEFENSE

**(No Injunctive Relief)**

Plaintiff is not entitled to injunctive relief as it, at a minimum, has not suffered any alleged irreparable injury and has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Properly Plead Willful Infringement)**

Plaintiff's Amended Complaint fails to sufficiently allege that YouTube has willfully infringed the '622 patent. Specifically, Plaintiff fails to allege facts sufficient to demonstrate that YouTube's past, current, or future activities constitute infringement that is willful. As a result, Plaintiff has failed to show that this is an exceptional case and that Plaintiff is entitled to its attorney's fees under 35 U.S.C. § 285.

### COUNTERCLAIMS

Defendant YouTube, LLC ("YouTube") hereby counterclaims against Plaintiff Tetsuya Joe Nomura as follows:

### PARTIES

1. YouTube is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 901 Cherry Avenue, San Bruno, CA 94066.

2. YouTube is informed and believes, and based thereon alleges that Plaintiff is an individual residing at 3288 Pierce Street, Suite C129, Richmond, California, 94804.

**JURISDICTION AND VENUE**

3. Subject to YouTube's defenses and denials, this Court has jurisdiction over the subject matter of YouTube's counterclaim under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

4. By filing its First Amended Complaint for Patent Infringement ("Amended Complaint") against YouTube, Plaintiff has consented to the personal jurisdiction of this Court.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), 1400(b) and because Plaintiff commenced this action in this district.

6. As a result of Plaintiff filing the Amended Complaint against YouTube, an actual, substantial and continuing justiciable controversy exists between Plaintiff and YouTube with respect to which YouTube requests a declaration of rights by this Court.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,254,622)**

7. YouTube restates and incorporates by reference paragraphs 1 through 6 of its Counterclaims.

8. On January 10, 2012, Plaintiff filed its Amended Complaint against YouTube alleging that YouTube infringes the '622 patent.

9. YouTube has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '622 patent either literally or by application of the doctrine of equivalents.

10. An actual case or controversy exists between YouTube and Plaintiff as to whether the '622 patent is infringed by YouTube.

11. A judicial declaration is necessary and appropriate so that YouTube may ascertain its rights and duties with respect to the '622 patent.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,254,622)**

12. YouTube restates and incorporates by reference paragraphs 1 through 11 of its Counterclaims.

DEFENDANT'S ANSWER AND COUNTERCLAIMS                    Case No. CV 11-01208 SI

13. The '622 patent is invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. § 100 *et seq.*, including but not limited to 101, 102, 103, 112, and 252.

14. An actual case or controversy exists between YouTube and Plaintiff as to whether the '622 patent is invalid.

15. A judicial declaration is necessary and appropriate so that YouTube may ascertain its rights and duties with respect to the '622 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, YouTube denies that any of its products, services, or processes directly or indirectly infringe any claim of the '622 patent, and further denies that Plaintiff is entitled to any judgment against YouTube whatsoever. YouTube prays that the Court enter judgment in its favor and against Plaintiff as follows:

a. A judgment dismissing this action with prejudice;

b. A judgment against Plaintiff and in favor of YouTube with respect to all relief requested in the Counterclaims;

c. A declaration that YouTube and its customers, distributors, affiliates and all others in privity with YouTube have not infringed and do not infringe, either directly or indirectly, any claims of the '622 patent;

d. A declaration that the '622 patent is invalid and/or unenforceable;

e. An order denying any request by Plaintiff for injunctive relief;

f. An order enjoining Plaintiff, its assigns, licensees and all those in privity therewith, from asserting against YouTube, or its customers, distributors, affiliates and all others in privity with YouTube, the '622 patent.

g. Such other and further relief as the Court deems just and appropriate.

**JURY DEMAND**

Pursuant to Fed R. Civ. P. 38(b), YouTube demands a jury trial of all issues triable by jury.

K&L GATES LLP

Dated: January 24, 2012           By:  /s/ *Bryan J. Sinclair*
                                       Bryan J. Sinclair
                                       Sara N. Kerrane

                                       Attorneys for Defendant
                                       YouTube, LLC