Bryan J. Sinclair (SBN 205885)
bryan.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA  94304
Telephone:  (650) 798-6700
Facsimile:   (650) 798-6701

Sara N. Kerrane (SBN 259239)
sara.kerrane@klgates.com
K&L GATES LLP
1900 Main Street, Suite 600
Irvine, CA 92614-7319
Telephone: (949) 253-0900
Facsimile:  (949) 253-0902

Attorneys for Defendant
YOUTUBE, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TETSUYA JOE NOMURA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YOUTUBE, LLC,<br><br>　　　　　Defendant. | Case No. CV 11-01208 SI<br><br>**DEFENDANT YOUTUBE, LLC'S CASE MANAGEMENT STATEMENT**<br><br>Date:  February 7, 2012<br>Time: 4:00 p.m.<br>Courtroom 10, 19th Floor<br>Judge Susan Illston |
| AND RELATED COUNTERCLAIMS | |

During the week of January 23, 2012, Mr. Sinclair, counsel for YouTube, LLC ("YouTube") emailed Mr. Nomura several times to discuss the Case Management Statement and a potential transfer and reassignment of this case to Magistrate Judge Lloyd in order to consolidate this case with the pending *Nomura v. Amazon.com, Inc.* case.  Other than sending an email with numerous questions regarding K&L Gates' representation of YouTube which Mr. Sinclair immediately answered, Mr. Nomura failed to respond to the emails and has made no attempt to contact counsel for YouTube as of the date of filing of this Case Management Statement.  As a result, and because Mr. Nomura is not represented by counsel, pursuant to Local Rule 16-9(a), YouTube submits this separate case management statement.  Concurrent with this Statement, YouTube submits its Consent to Magistrate and motion for intradistrict transfer of this case to the San Jose Division for the contemplated reassignment to Magistrate Judge Lloyd and asks that the Court grant the requested transfer and order to facilitate the consolidation of this case with the Amazon case.

**1.      Jurisdiction and Service.**

Plaintiff's only cause of action in its amended complaint arises under the United States patent laws, Title 35, United States Code.  This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  No issue exists as to personal jurisdiction or venue, and no parties remain to be served.

**2.      Description of the Case.**

**a.      Brief Factual Summary.**

Plaintiff brings forth this lawsuit against defendant YouTube, alleging that YouTube has and continues to infringe one or more claims of U.S. Patent No. 7,254,622 ("the '622 patent"), entitled "Video-On-Demand System."  YouTube denies Plaintiff's allegations.

**b.      Procedural Posture.**

Plaintiff, requesting to proceed *in forma pauperis*, filed his complaint alleging patent infringement against YouTube in this Court on March 11, 2011.  YouTube filed a motion to dismiss for failure to state a claim upon which relief can be granted on July 29, 2011, which the Court granted on November 2, 2011, with leave to amend.  Plaintiff filed an amended complaint on January 10,

1

DEFENDANT'S CASE MANAGEMENT STATEMENT                                    Case No. CV 11-01208 SI

2012, and YouTube filed its answer and counterclaims for declaratory judgment of non-infringement and invalidity on January 24, 2012.

**3.  Legal Issues in Dispute.**

The issues set forth below are not meant to be final or exhaustive, and YouTube reserves its rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.

  a.   Whether any YouTube product infringes any claim of the '622 patent.

  b.   Whether the '622 patent is valid and enforceable.

  c.   Whether Plaintiff is entitled to recover damages from YouTube and, if so, what the appropriate reasonably royalty is for the alleged infringement of the '622 patent.

**4.  Motions.**

YouTube anticipates that it may file motions in connection with the required compliance with the Northern District of California Patent Local Rules.  In addition, YouTube anticipates that it may file dispositive motions, depending on the evidence that is produced during the discovery process.

**5.  Amendment of Pleadings.**

YouTube does not anticipate the parties making any further amendments to their pleadings. YouTube submits that the deadline to amend pleadings should be thirty (30) days after the pleadings are settled and the case is at issue.

**6.  Evidence Preservation.**

YouTube has taken reasonable steps to preserve evidence relevant to the issues reasonably ascertainable in this action.

**7.  Disclosures.**

If the Court does not grant YouTube's motion to transfer, YouTube proposes to exchange initial disclosures pursuant to Rule 26(a) twenty-one (21) days after the Court enters an Order denying the motion to transfer.  Fed. R. Civ. P. 26(a)

**8.  Discovery.**

To date, no discovery has been taken by any party.  YouTube does not propose any other changes with regard to the timing, form, or requirement for disclosures under Rule 26(a) of the

Federal Rules of Civil Procedure. The parties have not agreed to any limitations on the subject matter of discovery, and retain the right to pursue discovery on any topic to which they are entitled under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Discovery Orders entered by this Court. YouTube agrees to complete discovery within the time limits to be set by the Court. Should the need arise at a later date to amend these deadlines, they may be modified by stipulation and order or motion supported by good cause.

**9.    Class Actions.**

N/A.

**10.    Related Cases.**

On March 11, 2011, Plaintiff filed suit against Amazon.com, Inc. in the Northern District Court of California alleging infringement of the '622 patent. (Case No. CV-11-01210-HRL). The Amazon case is currently pending before Magistrate Judge Lloyd in the San Jose Division of the Northern District of California.

**11.    Relief.**

YouTube seeks:

   a.    A judgment dismissing Plaintiff's claim for patent infringement against YouTube and denying any relief sought;

   b.    A declaration that YouTube does not infringe the '622 patent;

   c.    A declaration that the '622 patent is invalid or unenforceable; and

   d.    Such other and further relief as the Court deems just and proper.

**12.    Settlement and ADR.**

At this time, YouTube believes that ADR is likely premature as no discovery has taken place and YouTube is still unclear as to what claims are being asserted and what specific products are alleged to have infringed.

**13.    Consent to Magistrate Judge for All Purposes.**

Plaintiff previously consented to assignment of this case to a magistrate judge. *See* Dkt. No. 7. YouTube will consent to assignment of this action to the Honorable Howard R. Lloyd for all

3

DEFENDANT'S CASE MANAGEMENT STATEMENT                                    Case No. CV 11-01208 SI

purposes. YouTube filed its Consent to Magistrate in this case immediately prior to submitting this Case Management Statement.

### 14. Other References.

YouTube does not believe the case is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues.

YouTube is not currently aware of any issues that can be narrowed by agreement or motion. YouTube expects that infringement contentions, claim construction proceedings and summary judgment motion practice will result in significant narrowing of issues.

### 16. Expedited Schedule.

YouTube does not believe that this type of case can be handled on an expedited basis with streamlined procedures.

### 17. Scheduling.

If the Court does not grant YouTube's motion for intradistrict venue transfer, YouTube proposes the following discovery and court dates and requests that the Court enter a scheduling order establishing these dates as deadlines, or such other dates and deadlines as the Court may deem appropriate. In the event the Court does grant YouTube's motion for intradistrict transfer, the parties will request a scheduling order that is designed to coordinate the two pending cases in front of Magistrate Judge Lloyd.

| Event | Proposed Schedule |
|---|---|
| Initial Case Management Conference | February 7, 2012 |
| Rule 26 initial disclosures | 21 Days after the Court enters an Order denying YouTube's motion for intradistrict transfer |
| Deadline to amend pleadings | 30 days after Initial Case Management Conference on February 7, 2012 |
| Plaintiff's Disclosure of Asserted Claims and Infringement Contentions and accompanying document production (Patent L.R. 3-1 and 3-2) | 14 Days after the Court enters an Order denying YouTube's motion for intradistrict transfer |
| YouTube's Disclosure of Invalidity | 45 days after the Court enters an Order |

4

DEFENDANT'S CASE MANAGEMENT STATEMENT                              Case No. CV 11-01208 SI

| | |
|---|---|
| Contentions and accompanying document production (Patent L.R. 3-3 and 3-4) | denying YouTube's motion for intradistrict transfer |
| Exchange of Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1) | 21 Days after the Court enters an Order denying YouTube's motion for intradistrict transfer |
| Exchange of Preliminary Claim Constructions and Preliminary Identifications of Extrinsic Evidence (Patent L.R. 4-2) | 21 days after the parties exchange Proposed Terms and Claim Elements for Construction per Patent L.R. 4-1 |
| Joint Claim Construction and Pre-hearing Statement (Patent L.R. 4-3) | 60 days after compliance with Patent L.R. 3-3 and 3-4 |
| Joint Claim Construction Discovery Cut-off (Patent L.R. 4-4) | 30 days after the parties' filing in compliance with Patent L.R. 4-3 |
| Plaintiff's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | 45 days after the parties' filing in compliance with Patent L.R. 4-3 |
| YouTube's Responsive Claim construction brief (Patent L.R. 4-5(b)) | 14 days after Plaintiff files its claim construction brief |
| Plaintiff's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | 7 days after YouTube files its responsive claim construction brief |
| Patent Tutorial | To be determined, based on Court's availability |
| Claim Construction Hearing (Patent L.R. 4-6) | To be determined, based on Court's availability |
| Fact discovery cut-off | 75 days after Claim Construction Order |
| Deadline for expert reports for issues on which the parties bear the burden | 90 days after Claim Construction Order |
| Deadline for rebuttal expert reports | 110 days after Claim Construction Order |
| Expert discovery cut-off | 155 days after Claim Construction Order |
| Deadline for filing of dispositive and *Daubert* motions | 175 days after Claim Construction Order |
| Hearing on dispositive and *Daubert* motions | To be determined, based on Court's availability |
| Final pretrial conference | To be determined, based on Court's availability |
| Trial begins | To be determined, based on Court's availability |

**18.    Trial.**

YouTube expects that the trial will last three to four court days.  The parties have demanded a jury.  YouTube does not believe bifurcation is a viable alternative in this case.

**19.    Disclosure of Non-Party Interested Entities or Persons.**

As Plaintiff's complaint is a formulaic recitation of their causes of action, YouTube is currently unable to provide any information on related parties.

**20.    Other Items.**

None.

K&L GATES LLP

Dated:  January 31, 2012           By:  /s/ *Bryan J. Sinclair*
                                        Bryan J. Sinclair
                                        Sara N. Kerrane

                                        Attorneys for Defendant
                                        YOUTUBE, LLC